UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD EUGENE MCCULLY,

        Petitioner,

                              CASE NO. 2:17-CV-13752
v.                              HONORABLE GERSHWIN A. DRAIN

J. A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE
## PETITION FOR A WRIT OF HABEAS CORPUS

On November 11, 2017, federal prisoner Howard Eugene McCully ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the Bureau of Prisons erred in denying him eligibility for an early release benefit under 18 U.S.C. § 3621(e) upon completion of a residential drug treatment program. Dkt. No. 1. Respondent has since advised the Court, and the Court has confirmed, that Petitioner completed his federal sentence and was released from federal custody on April 25, 2018. *See* Petitioner's Inmate Profile, Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States*

*v. Juvenile Male*, 564 U.S. 932, 936 (2011). This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004). Similarly, a claim for habeas relief becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g., Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Johnson v. Riveland*, 855 F.2d 1477, 1479-80 (10th Cir. 1998). A court may raise the jurisdictional issue of mootness sua sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions...."); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As noted, the BOP's Inmate Locator database indicates that Petitioner was released from federal custody on April 25, 2018. Because Petitioner has completed

his sentence and has been released from custody, the Court can no longer grant him relief on the claim contained in his petition. The present case has thus been rendered moot and the petition must be dismissed on that basis. Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus. This case is closed.

**IT IS SO ORDERED**.

Dated: October 24, 2018

                                                           s/Gershwin A. Drain
                                                           HON. GERSHWIN A. DRAIN
                                                           United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2018, by electronic and/or ordinary mail.

                                                           s/Teresa McGovern
                                                           Case Manager